UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RSS GSMS2013-GCJ16 – IL SPH, LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>SCHILLER PARK HOSPITALITY LLC, an Illinois limited liability company; ILLINOIS STATE TOLL HIGHWAY AUTHORITY, an Illinois administrative agency; UNKNOWN OWNERS; and NON-RECORD CLAIMANTS,<br><br>                Defendants. | Case No.: 1:22-cv-06824<br><br>Judge:<br><br>Property<br>10249 West Irving Park Road<br>Schiller Park, Illinois 60176<br><br>**NON-RESIDENTIAL** |

**VERIFIED COMPLAINT FOR MORTGAGE FORECLOSURE AND OTHER RELIEF**

Plaintiff, RSS GSMS2013-GCJ16 – IL SPH, LLC ("Plaintiff" or "Lender"), acting by and through its special servicer, Rialto Capital Advisors, LLC ("Rialto"), by its undersigned counsel, hereby complains of the following defendants (collectively, "Defendants"): (1) SCHILLER PARK HOSPITALITY LLC ("Borrower"); (2) ILLINOIS STATE TOLL HIGHWAY AUTHORITY; and (3) UNKNOWN OWNERS AND UNKNOWN AND NON-RECORD CLAIMANTS.

**PARTIES**

1. Plaintiff is a limited liability company. Its sole member is U.S. Bank National Association, as Trustee, on Behalf of the Registered Holders of the GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2013-GCJ16 ("U.S. Bank, as Trustee"). U.S. Bank, as Trustee is a national banking association domiciled in, and a citizen of Ohio with its principal office located at 800 Nicollet Mall, Minneapolis, Minnesota and its main office located in the City of Cincinnati, County of Hamilton and State of Ohio pursuant to its Articles of Association.

2.  Defendant Schiller Park Hospitality LLC is a limited liability company. Schiller Park LLC's members are: i) Amin Amdani who is a citizen of, and domiciled in, Illinois; ii) Waqas Akuly who is a citizen of, and domiciled in, Illinois; iii) Satya Mehta who is a citizen of, and domiciled in, Illinois; iv) Fouzan Memon who is a citizen of, and domiciled in, Illinois; v) Bimal Doshi who is a citizen of, and domiciled in, Illinois; vi) Paul Busching who is a citizen of, and domiciled in, Illinois; vii) Why This Entity, Inc., is a corporation incorporated in Illinois and with its principal place of business in Illinois.

3.  Defendant Illinois State Highway Authority is an Illinois state agency with its headquarters located at 2700 Ogden Avenue, Downers Grove, Illinois 60515.

## SUBJECT MATTER JURISDICTION AND VENUE

4.  The U.S. District Court for the Northern District of Illinois (the "Court") has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the action is civil in nature, complete diversity of citizenship exists, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

6.  Plaintiff files this Verified Complaint, pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Mortgage (as defined below) against Defendants.

7.  Attached hereto as **Exhibit "1"** and incorporated herein is a true and correct copy of that certain Mortgage and Security Agreement and for the benefit of MC-Five Mile Commercial Mortgage Finance ("Original Lender") dated October 18, 2013, and recorded with the Cook County Recorder of Deeds on October 22, 2013, as File No. 1329545038 (the "Mortgage").

8.     Attached hereto as **Exhibit "2"** and incorporated herein is a true and correct copy of that certain Promissory Note dated October 18, 2013 (the "Note") by and between Borrower for the benefit of Original Lender and in the principal amount of Eleven Million Five Hundred Thousand Dollars and No Cents ($11,500,000.00) (the "Loan").

9.     Attached hereto as **Exhibit "3"** and incorporated herein is a true and correct copy of that certain Assignment of Leases and Rents ("ALR") dated October 18, 2013, executed by Borrower for the benefit of Original Lender and recorded with the Cook County Recorder of Deeds on October 22, 2013, as File No. 1329545039.

10.    Attached hereto as **Exhibit "4"** and incorporated herein is a true and correct copy of that certain Assignment of Mortgage and Security Agreement ("AOM") dated October 18, 2013, executed by Original Lender for the benefit of MC-Five Mile SPE A LLC ("MC-Five Mile SPE") and recorded with the Cook County Recorder of Deeds on December 31, 2013, as File No. 1336544067.

11.    Attached hereto as **Exhibit "5"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents ("AALR") executed by Original Lender for the benefit of MC-Five Mile SPE and recorded with the Cook County Recorder of Deeds on December 31, 2013, as File No. 1336544068.

12.    Attached hereto as **Exhibit "6"** and incorporated herein is a true and correct copy of that certain Assignment of Mortgage and Security Agreement ("AOM II") dated November 20, 2013, executed by MC-Five Mile SPE for the benefit of MC-Five Mile Commercial Mortgage Finance LLC and recorded with the Cook County Recorder of Deeds on January 23, 2014, as File No. 1402350020.

13. Attached hereto as **Exhibit "7"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents ("AALR II") executed by MC-Five Mile SPE for the benefit of MC-Five Mile Commercial Mortgage Finance LLC and recorded with the Cook County Recorder of Deeds on January 23, 2014, as File No. 1402350021.

14. Attached hereto as **Exhibit "8"** and incorporated herein is a true and correct copy of that certain Assignment of Mortgage and Security Agreement ("AOM III") executed by MC-Five Mile Commercial Mortgage Finance LLC for the benefit of U.S. Bank, as Trustee and recorded with the Cook County Recorder of Deeds on February 4, 2014, as File No.1403508061.

15. Attached hereto as **Exhibit "9"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents ("AALR III") executed by MC-Five Mile Commercial Mortgage Finance LLC for the benefit of U.S. Bank, as Trustee and recorded with the Cook County Recorder of Deeds on February 4, 2014, as File No. 1403508062.

16. Attached hereto as **Exhibit "10"** and incorporated herein is a true and correct copy of that certain Assignment of Mortgage and Security Agreement ("AOM IV") executed by U.S. Bank, as Trustee for the benefit of Lender and recorded with the Cook County Recorder of Deeds on April 26, 2021 as File No. 2111619031.

17. Attached hereto as **Exhibit "11"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents ("AALR IV") executed by U.S. Bank, as Trustee for the benefit of Lender and recorded with the Cook County Recorder of Deeds on April 26, 2021 as File No. 2111619030.

18. Attached hereto as **Exhibit "12"** is a true and correct copy of that certain Loan Agreement dated October 18, 2013 (the "Loan Agreement"). The foregoing documents, and all

other agreements and documents evidencing, securing, or otherwise relating to the Loan are collectively referred to herein as the "Loan Documents."

19. The obligations set forth in the Loan Agreement are secured by the Mortgage, and the Note, among other documents.

COUNT I
**CLAIM OF FORECLOSURE ON MORTGAGE AND NOTE**

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. Information concerning said Mortgage is as follows:

 a.  <u>Nature of the instrument</u>: Mortgage and Security Agreement.

 b.  <u>Date of the Mortgage</u>: October 18, 2013.

 c.  <u>Name of Mortgagor</u>: SCHILLER PARK HOSPITALITY LLC.

 d.  <u>Name of Mortgagee</u>: RSS GSMS2013-GCJ16 – IL SPH, LLC.

 e.  <u>Date and Place of Recording and Identification of Recording</u>: The Mortgage was recorded with the Cook County Recorder of Deeds on October 22, 2013, as Document No. 1329545038.

 f.  <u>Interest subject to the Mortgage</u>: Fee Simple.

 g.  <u>Amount of Original Indebtedness</u>: $11,500,000.00.

 h.  <u>Legal Description of mortgaged real estate, Pins, Common Address, and Description of mortgaged personal property</u>:

PARCEL A:
THAT PART OF LOT 2 IN SUBDIVISION OF THE WEST HALF (1/2) OF THE SOUTH WEST QUARTER (1/4) OF SECTION 16, TOWNSHIP 40 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN RECORDED APRIL 14, 1921 AS DOCUMENT NUMBER 7112572, LYING NORTHERLY OF A LINE DRAWN FROM A POINT ON THE WEST LINE OF SAID LOT, 557.684 FEET SOUTH OF THE NORTH WEST CORNER THEREOF, TO A POINT ON EAST LINE OF SAID LOT, 500 FEET SOUTH OF THE NORTH EAST CORNER THEREOF, EXCEPTING THEREFROM THAT PART THEREOF LYING NORTH OF A LINE WHICH INTERSECTS THE EAST AND WEST BOUNDARIES OF SAID LOT 2, 27.46 FEET SOUTH OF THE NORTH

EAST AND NORTH WEST CORNERS THEREOF AS PER DOCUMENT 57C-6303 ALL IN COOK COUNTY, ILLINOIS.

ALSO EXCEPTING THEREFORM THAT PART THEREOF DESCRIBED AS FOLLOWS:

THAT PART OF LOT 2 IN THE SUBDIVISION OF THAT WEST HALF (1/2) OF THE SOUTH WEST QUARTER (1/4) OF SECTION 16, TOWNSHIP 40 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN RECORDED APRIL 14, 1921 AS DOCUMENT NUMBER 7112572, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE SOUTH EAST CORNER OF THE PARCEL DESCRIBED IN DOCUMENT NUMBER 57C-6303, SAID POINT BEING ON THE EAST LINE OF LOT 2; THENCE SOUTH 0 26' 17" EAST, ALONG SAID EAST LINE, A DISTANCE OF 170.73 FEET TO THE POINT OF BEGINNING; THENCE SOUTHERLY ALONG THE ARC OF A CIRCLE, CONCAVE TO THE EAST, HAVING A RADIUS OF 185.77 FEET, AN ARC DISTANCE OF 105.84 FEET AND A CHORD BEARING SOUTH 0 26' 17" EAST TO SAID EAST LINE; THENCE NORTH 0 26' 17" WEST, ALONG SAID EAST LINE A DISTANCE OF 104.42 FEET OT THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

PARCEL B:
THAT PART OF LOT 2 IN SUBDIVISION OF THE WEST HALF (1/2) OF THE SOUTH WEST QUARTER (1/4) OF SECTION 16, TOWNSHIP 40 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN RECORDED APRIL 14, 1921 AS DOCUMENT NUMBER 7112572, LYING SOUTHERLY OF A LINE DRAWN FROM A POINT ON EAST LINE OF SAID LOT, 500 FEET SOUTH OF THE NORTH EAST CORNER THEREOF, AND THE NORTH 8.98 FEET OF LOT 7 IN SAID SUBDIVISION OF THE WEST HALF (1/2) OF THE SOUTH WEST QUARTER (1/4) OF SECTION 16, TOWNSHIP 40 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

ALSO

THAT PART OF LOT 1 IN SUBDIVISION OF THE WEST HALF (1/2) OF THE SOUTH WEST QUARTER (1/4) OF SECTION 16, TOWNSHIP 40 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN RECORDED APRIL 14, 1921 AS DOCUMENT NUMBER 7112572, DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTH WEST CORNER OF SAID LOT 1; THENCE NORTH ALONG WEST LINE OF SAID LOT 1 TO A POINT 500 FEET SOUTH OF NORTH WEST CORNER OF SAID LOT 1; THENCE EASTERLY ALONG A LINE FORMING AN ANGLE OF 90 TO RIGHT WITH LAST DESCRIBED LINE A DISTANCE OF 232.74 FEET TO A POINT; THENCE SOUTHWESTERLY ALONG A LINE (SAID LINE RUNNING TO THE LEFT AND HAVING A RADIUS OF 5854.58) A DISTANCE OF 359.59 FEET TO A POINT ON SOUTH LINE OF SAID LOT 1, 214.50 FEET WEST OF SOUTH EAST CORNER OF SAID LOT 1, THENCE WEST ALONG SOUTH LINE OF SAID LOT 1 TO POINT OF BEGINNING IN COOK COUNTY, ILLINOIS.

ALSO

THAT PART OF LOT 8 IN THE SUBDIVISION OF THE WEST HALF (1/2) OF THE SOUTH WEST QUARTER (1/4) (EXCEPT THAT PART LYING NORTH OF IRVING PARK ROAD) OF SECTION 16, TOWNSHIP 40 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN RECORDED APRIL 14, 1921 AS DOCUMENT NUMBER 7112572, LYING NORTHWESTERLY OF A CURVED LINE, SAID LINE BEING THE ARC OF A CURVE TO THE RIGHT WITH A RADIUS OF 5,854.58 FEET AND INTERSECTS THE WEST LINE OF SAID LOT 8, 383.01 FEET NORTH OF ITS SOUTH WEST CORNER AND THE NORTH LINE OF SAID LOT 8, 214.5 FEET WEST OF ITS NORTH EAST CORNER IN COOK COUNTY, ILLINOIS.

Pin: 12-16-307-004-0000

Common Address: 10249 W. Irvine Park Road, Schiller Park, Illinois 60176.

The Mortgage constitutes a security agreement pursuant to the Uniform Commercial Code. Thus, the real estate described above (the "Property") to be foreclosed, includes certain personal property related thereto, including all personal property of any kind or nature whatsoever, tangible and intangible, used in relation to the maintenance, use, occupancy and enjoyment of the Property (including, without limitation, all furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, all deposits and deposit accounts and all other personal property of any kind or character whatsoever (collectively, the "Personal Property"). Pursuant to 810 ILCS 5/9-604(a), Lender has elected to proceed against both the real estate and the Personal Property pursuant to this foreclosure action.

i. <u>Statement as to Defaults and Amounts Now Due</u>: Borrower is in default under the Loan Documents by reason of, without limitation, Borrower's: (i) failing to pay franchise fees as required by Section 4.1.28(a)(ii) of the Loan Agreement; (ii) failing to pay management fees and costs as required by Section 4.1.21(b) of the Loan Agreement; and (iv) failing to pay the accelerated debt within five days of notice. The foregoing constitutes Events of Default pursuant to Sections 8.1(a)(i), (xii), (xvi).

Accordingly, the Loan Documents are in default and the entire unpaid balance is immediately due and payable pursuant to Section 8.1(b) of the Loan Agreement and Article 2 of the Note. As of September 20, 2022, the balance due under the Loan Documents, after any applicable credits, was not less than the sum of $7,626,566.44, consisting of, among other things, $9,279,224.01 in principal, interest of $461,106.78[1], and late charges and other fees of $1,101,332.45 with attorneys' fees and costs of collection to be added thereto. Interest continues to accrue at a rate of 5.85 percent *per annum* in accordance with Section 1.1.1 of the Loan Agreement, as more particularly described therein. Default interest has accrued and continues to accrue at a rate of 10.85 percent pursuant to Sections 1.1.1 and 2.2.3 of the Loan Agreement, and will compound monthly. Late fees continue to accrue. The total amount due under the Loan Documents, including accruing interest, late fees, and attorneys' fees and expenses shall hereinafter be referred to as the "<u>Indebtedness</u>."

j. <u>Present title holders of the Property</u>: Schiller Park Hospitality LLC.

k. <u>Other persons in addition to such title holders who Plaintiff joins as Defendants and whose interest in or lien on the Property are sought to be terminated</u>:

1) Illinois State Toll Highway Authority
2) All Unknown Owners and Unknown and Non-Record Claimants.

l. <u>Defendants who are personally liable for any deficiency</u>:

1) None at this time. Lender reserves its rights with regard to seeking a deficiency judgment if Lender later discovers grounds for personal liability.

m. <u>Capacity in which Lender brings this foreclosure action</u>: Lender is the legal owner and holder of the Mortgage and the Loan Documents herein described and is entitled to all sums due thereunder.

---

[1] Default Interest has accrued from June 1, 2022 through September 20, 2022 in the amount of $369,126.47. Default interest continues to accrue.

n.     <u>Facts in support of shortened redemption period</u>: The right of reinstatement and redemption has been waived pursuant to Section 9.2 of the Mortgage, titled *Marshalling and Other Matters*.

o.     <u>Statement that the right of redemption has been waived</u>: The right of reinstatement and redemption has been waived pursuant to Section 9.2 of the Mortgage, titled *Marshalling and Other Matters*, among other provisions, which provides:

> [Borrower] hereby waives the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Property or any part thereof or any interest therein. Further, [Borrower] hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Security Instrument on behalf of Borrower, and on behalf of each and every person acquiring any interest in or title to the Property subsequent to the date of this Security Instrument and on behalf of all persons to the extent permitted by applicable law.

p.     <u>Facts in support of request for attorneys' fees and costs and expenses</u>: Section 1.3 of the Mortgage, titled *Security Agreement*, provides as follows:

> Borrower shall pay to Lender on demand any and all expenses, including reasonable legal expenses and attorneys' fees, incurred or paid by Lender in protecting its interests in the Collateral during the continuance of an Event of Default.

Section 7.1(h) of the Mortgage, titled *Remedies*, provides as follows:

> … Lender may … apply the receipts from the Property to the payment of the Debt, in such order, priority and proportions as Lender shall deem appropriate in its sole discretion after deducting therefrom all expenses (including reasonable attorneys' fees) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, Other Charges, Insurance Premiums and other expenses in connection with the Property, as well as just and reasonable compensation for the services of the Lender, its counsel, agents, and employees

In addition, Section 10.6.1 of the Loan Agreement, titled *General Indemnification*, respectively, provide as follows:

> Borrower shall, at its sole cost and expense, protect, defend, indemnify, release and hold harmless each Indemnified Person from and against any and all claims, suits, liabilities (including, without limitation, strict liabilities), actions, proceedings, obligations, debts, damages, losses, costs, expenses, diminutions in value, fines, penalties, charges, fees, expenses, judgments, awards, amounts paid in settlement, punitive damages, foreseeable and unforeseeable consequential damages, of whatever kind or nature (including, but not limited, to reasonable attorneys' fees and other costs of defense) (collectively, the "Losses") imposed upon or incurred by or asserted against any Indemnified Person and directly or indirectly arising out of or in any way relating to any one or more of the following: (a) ownership of the Loan and/or the Loan Documents, the Property, or receipt of any Rents (or any interest in any of the foregoing)…

q. <u>Facts in support of a request for appointment of receiver</u>: Section 7.1(g) of the Mortgage permits the Lender to take the following action in order to "protect and enforce its rights" against Borrower and to the Property:

> [S]eek and obtain the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower, any guarantor, indemnitor with respect to the Loan or of any Person liable for the payment of the Debt.

r. Lender does NOT offer to accept title to the Property in satisfaction of the Indebtedness and obligations secured by the Mortgage without judicial sale.

s. <u>Defendants whose rights to possess the Property, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof</u>:

1) Borrower;
2) Illinois State Toll Highway Authority; and
3) All Unknown Owners and Unknown and Non-Record Claimants.

      Lender's interest in the Property is superior to the rights, if any, held by the above-named entities and individuals.

WHEREFORE, Lender respectfully asks this Court for the following relief:

a.  Declare the Mortgage as a first and prior lien on the Property that is superior to any and all interests of Defendants in the Property;

b.  Enter a judgment of foreclosure and sale directing that the Property described herein be sold to satisfy the Indebtedness due under the Loan Documents, including, without limitation, attorneys' fees, costs, and any post-judgment statutory interest and fees and costs awarded by the Court;

c.  Enter a judgment in favor of Lender and against Borrower for any deficiency if the sale of the Property fails to produce a sufficient amount to pay the amount found due;

d.  Enter an order declaring that the reinstatement and redemption periods have been waived;

e.  Enter an order appointing a receiver upon the filing of an appropriate motion; and

f.  Enter an order granting such other and further relief as the Court may deem just and appropriate under the circumstances.

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff further requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS 5/15-1506(f)):

g.  A sale of the Property by public auction or other means, for cash in hand at time of sale;

h.  A sale of the Property by open bid or by other means upon an appropriate motion;

i.  A provision that the Judicial Sales Corporation be appointed by the Court to conduct the sale if sold by auction;

j.  That title in the Property may be subject, at the sale, to exceptions, including all delinquent real estate taxes and all general real estate taxes which are a lien upon the Property, but have not yet become due and payable, and special assessments, if any, easements and restrictions of record;

k.  In the event a party to the foreclosure sale is a successful bidder for the Property at auction, such party shall be allowed to offset against the purchase price to be paid

      by party such amounts due such party under the judgment of foreclosure or order confirming the sale; and

l.    Such other and further relief as the Court deems just and proper to ensure sale of the Property for the most commercially favorable price for the type of real estate involved.

Dated: December 5, 2022                /s/ *Aaron Davis*
                                                              Counsel for Plaintiff

Jason J. DeJonker (IL ARDC 06272128)
Aaron Davis (IL ARDC 06292665)
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: 312-602-5000
Jason.DeJonker@bclplaw.com
Aaron.Davis@bclplaw.com

## VERIFICATION

The undersigned, under penalties as provided pursuant to 735 ILCS 5/1-109, certifies that they are the authorized agent of Lender and as such are familiar with the books and records of the plaintiff with respect to the matters alleged in the foregoing Verified Complaint for Mortgage Foreclosure and Other Relief, (the "Complaint") and further certifies that the statements and allegations set forth in the Complaint and these allegations deemed alleged by virtue of 735 ILCS 5/15-1504 are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that they verily believe the same to be true.

Name: *Kaveh Saberi*
Title: Authorized Agent